ROBERT F. MINTO et al., Respondents, v. AUGUST BAUR
et al., Appellants.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Partnership. Power of partner.*—A partner can, for a good considera-
tion, settle an action brought upon a firm claim.
2. *Attorney. Lien.*—An attorney has a lien on his client's claim for his
costs, and may proceed with the suit, after collusive settlement
thereof, without leave first obtained, to collect them, and may
vacate, in aid of such proceeding, a satisfaction-piece, entered upon
such settlement; but he may not proceed for the purpose of collecting
an agreed compensation, unless notice thereof was given prior to the
settlement.
3. *Same. Co-defendants.*—Where the attorney for a defendant has set up
no rights, and made no demand of judgment against, his co-defendant,
the action cannot be continued for his benefit.

*William F. Brown,* for defendants Baur and Byrnes, ap-
pellants.

*James C. De La Mare,* for plaintiffs-respondents.

*Thomas B. Browning,* for respondent-defendant, Austin.

BARRETT, J.—This is an appeal by the defendants Baur
and Byrnes from an order granting the plaintiffs' motion to
set aside the satisfaction of a mechanic's lien and giving the
plaintiffs leave to proceed under a judgment foreclosing
such lien and directing a sale of the premises.  Baur and
Byrnes are the lessees of the premises and the persons sub-
stantially interested in the suit.  The defendant Austin, is
the owner of the fee.  The cause came on for trial on the
eighth of March last; and by an arrangement between
counsel, judgment was authorized, but was not to be entered
for one week.

On the thirteenth of March, the case was settled, Baur and Byrnes paying $750 to the plaintiff. McDonald and receiving from him a satisfaction of the lien, with a consent of discontinuance. Neither the plaintiff Minto nor the plaintiff's attorney were aware of this settlement. They learned of it on the fourteenth of March, and on the sixteenth the findings and decree were signed. The motion to vacate the satisfaction-piece followed and resulted in the order from which the present appeal is taken. The court erred in directing the sale of Baur and Byrnes' interest in the premises, for the purpose of paying the balance due the plaintiffs. McDonald had a perfect right to settle the partnership claim, and he did settle it for a good and valuable consideration, namely, the payment of three-quarters of the claim and the abandonment of a counterclaim.

There had been no dissolution and each partner had power to bind the firm as McDonald did. If Minto has been injuriously affected by this settlement, he must look to McDonald for his redress. The settlement, however, was in fraud of the attorney's rights. He had a lien, under section 666 of the Code of Civil Procedure, for his costs. Independent of that section, the parties could not collude together to cheat him out of his costs. It was proper, therefore, to permit the attorney to go on with the suit for the purpose of collecting these costs, and, in aid of that proceeding, to vacate the satisfaction-piece. And the attorney was at liberty to proceed with the suit, as he did, without leave being first obtained (Forstman *v.* Schulting, 35 Hun, 505 ; Wilber *v.* Baker, 24 Hun, 24 ; Pickard *v.* Yencer, 10 Week. Dig. 271), especially as judgment had actually been ordered before the settlement, and nothing remained to be done, save the formality of signing the findings and decree.

But the court erred in allowing the attorney the "agreed compensation," in addition to the costs and allowance specified in the judgment; also, in allowing costs to the defendant Austin.

The plaintiff's attorney could not proceed for the agreed compensation, because no notice of his claim or lien on that head had been given prior to the settlement. Jenkins *v.* Adams, 22 Hun, 600.

Austin's attorney had no lien at all. He was simply a co-defendant with Baur and Byrnes. Nor did the decision of the judge (as embodied in the findings), give him costs. The conclusion of law refers to Austin only as a defendant foreclosed of his equity of redemption. The judgment goes beyond the findings and was clearly void in this particular. At all events the suit could not be continued for any such purpose, as between co-defendants, who had set up no rights and made no demand of judgment as against each other. The order appealed from should, therefore, be reversed so far as it authorizes the plaintiffs and the referee to execute the judgment for the purpose of paying any further sum to the plaintiffs, or for the purpose of paying costs to the attorney for the defendant Austin. It should be modified as to the plaintiff's attorney, so far as to permit the execution of the judgment, solely for the purpose of paying him $202.07, with interest from March 16, 1889 (that being the amount of his taxed costs and allowance as specified in such judgment). And, in aid of the latter direction, the *vacatur* of the satisfaction-piece may stand. Upon the payment, however, of said sum of $202.07, and interest, the satisfaction-piece may be restored and the suit discontinued.

No costs of this appeal to either party.

VAN BRUNT, Ch. J., and BRADY, J., concur.