*Samter & Platzek,* for appellant.  *Cochran & Clark,* for respondent.

No opinion.  Application denied.

---

MECHANICS' & TRADERS' BANK, Appellant, *v.* LOUCHEIM, Respondent.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

Appeal from special term, New York county.

For appeal from order denying motion to vacate attachment, see *ante,* 520.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. J. Dittenhoefer,* for appellant.  *Franklin Bien,* for respondent.

PER CURIAM.  The attachment referred to in the complaint in this action having been vacated by a decision handed down herewith, (*ante,* 520,) the right to an injunction necessarily falls, and the order denying the motion to continue the injunction should be affirmed, with $10 costs and disbursements.

---

MINTO *et al.,* Respondents, *v.* BAUER *et al.,* Appellants.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

On reargument.  For former reports, see 6 N. Y. Supp. 444, and 7 N. Y. Supp. 950.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. Kearney,* for appellants.  *J. C. De la Mare,* for respondents.

PER CURIAM.  The appellant by his stipulation admitted that the court would be justified in sustaining the order appealed from so far as it affects the lien of the attorney.  The judgment heretofore rendered by the general term is modified so that it should affirm the order appealed from as to the attorney's right to proceed for his agreed compensation; and the order should therefore be reversed in the other respects mentioned in the previous opinion.

---

MULVIHILL *v.* DONNELLY.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

No opinion.  Motion denied on appellant's stipulating to argue in February.

---

PEOPLE *v.* AMERICAN BELL TEL. CO.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

No opinion.  Motion dismissed.  For former reports, see 3 N. Y. Supp. 733; 7 N. Y. Supp. 948.